IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LANCE M. HAINZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-3206-CV-S-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. The Commissioner's decision is affirmed.

<u>I.</u>

Plaintiff was born in April 1966, and has prior work experience as a plasterer and a concrete laborer. Plaintiff claimed disability beginning October 31, 2004, due to "pinched nerves in back, legs, arms, numbness, narrow disc, mental problems from head injury." The administrative law judge ("ALJ") issued his decision on April 25, 2012, finding, among other things, that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally lift and carry 20 pounds, and frequently lift and carry less than 10 pounds; the claimant can sit for 8 hours a day, but only for 2 hours at a time; the claimant can stand for 4 hours a day, but only for 1 hour at a time; the claimant can walk for 3 hours a day, but only for 1 hour at time; the claimant can occasionally push/pull with the lower extremities; the claimant can occasionally climb stairs and ramps; the claimant can occasionally bend, crouch, stoop, kneel, and crawl; the claimant should avoid working on ladders or scaffolds or otherwise at heights or around hazardous unprotected moving equipment; the claimant can occasionally operate motor vehicles; the claimant should avoid extreme temperatures, humidity, dust, fumes, poor ventilation, or extreme noise in the environment. In addition this person does not handle stress well, and should not be at a job involving high stress such as a job requiring fast paced activity or strict and explicit quotas

deadlines schedules, or involving frequent and unusual changes in the work setting. The claimant cannot sustain high levels of concentration, such as sustained precision and attention to detail. The person can sustain concentration on simple repetitive tasks within the range of average. The claimant should not have a job requiring contact with the public, or requiring close personal interaction with coworkers.

R. 33. The ALJ concluded that Plaintiff was not disabled.

## II.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the Record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

### A. Weight of Opinions

Essentially, Plaintiff argues that the ALJ improperly weighed each medical opinion of Record. Plaintiff argues that the ALJ either assigned too much weight or too little weight to each opinion. Plaintiff's arguments are without merit and the Court concludes that the ALJ properly assessed Plaintiff's mental and physical RFC.

First, Plaintiff argues the ALJ erred in partially discounting the opinion of Brian Teeter, MD, and accorded two much weight to Dr. Corsolini's opinion. Dr. Teeter completed a Medical Source Statement and opined that Plaintiff was limited to lifting less than 10 pounds, and less than one hour of sitting, standing, or walking, in a normal

2

workday. R. 605. He opined that Plaintiff could never climb, balance, stoop, kneel, crouch, or crawl. R. 606. Dr. Teeter opined that Plaintiff should avoid any exposure to extreme cold; extreme heat; weather; wetness/humidity; dust/fumes; vibration; hazards and heights. R. 606. Dr. Corsolini opined that Plaintiff could occasionally lift up to 20 pounds; sit for two hours at a time, and for eight hours in a normal workday; stand for one hour at a time, and for four hours in a normal workday; walk for one hour at a time, and for three hours in a normal workday; could occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps; but could not climb ladders or scaffolds. R. 756-61.

The Court concludes there is substantial evidence on the Record as a whole to support the ALJ's decision to assign little weight as to Dr. Teeter's finding that Plaintiff is restricted to work at less than the sedentary level, and great weight to Dr. Teeter's opinion as to Plaintiff's environmental restrictions. There is also substantial evidence to support the ALJ's decision to assign great weight to Dr. Corsolini's limitation findings and little weight to Dr. Corsolini's opinion that Plaintiff has no restrictions in environmental exposures. The limitations as described by Dr. Teeter are inconsistent with the claimant's conservative treatment, the medical imaging evidence, and the findings of physical exams. The findings were also inconsistent with the medical opinion of Dr. Corsolini, who is a specialist in physical medicine and rehabilitation. In this case, the Record contained differing medical opinions and it was proper for the Court to resolve conflicts between them. Regarding Plaintiff's environmental restrictions, it was proper to resolve the conflict in favor of Dr. Teeter's opinion that Plaintiff has environmental restrictions and give little weight to Dr. Corsolini's opinion that Plaintiff did not have any restrictions as the evidence shows that Plaintiff suffers from chronic obstructive pulmonary disease and sleep apnea related symptoms that would cause restrictions to his exposure to pulmonary irritants.

Next, Plaintiff argues that the ALJ did not give appropriate weight to Dr. Forsyth's opinion. Dr. Forsyth opined that Plaintiff was able to understand and remember simple and even moderately complex instructions and that sustaining concentration and persistence in such tasks would be adequate from a mental status perspective. R. 749. Dr. Forsyth opined that Plaintiff's ability to interact socially and adapt to his environment

3

would also be adequate for simple and possibly even moderately complex tasks. *Id.* The ALJ properly assigned great weight to Dr. Forsyth's opinion as it was generally consistent with the other medical evidence. Further, the RFC was even more restrictive than Dr. Forsyth's opinion as to Plaintiff's impairments. For example, Plaintiff benefited by the more restrictive RFC as the ALJ considered Plaintiff's subjective complaints regarding difficulties in concentration, persistence, and pace. R. 37.

Plaintiff also takes issue with the weight assigned to Dr. McGehee's opinion. Dr. McGehee saw Plaintiff on three occasions. He reported only slight limitations in Plaintiff's ability to understand and remember simple and even moderately complex instructions. Dr. McGehee reported that Plaintiff has a moderate limitation in maintaining attention and concentration for extended periods, and marked limitations in the ability to complete a normal workday or workweek without interruption from psychologically based symptoms. R. 506, 523, 562-3, 617. Dr. McGehee assessed a GAF score of 31 in September 2009 and February 2011, and a GAF of 53 in September 2006. R. 37, 506, 523, 617.

The ALJ accorded little weight to examining psychologist Dr. McGehee's opinion because Dr. Forsyth's opinion was more consistent with the medical evidence of Record. As noted above, it was proper for the ALJ to assign more weigh to Dr. Forsyth's opinion. Further, the ALJ noted that the GAF scores indicated by Dr. McGehee were inconsistent with the conservative medical treatment, and the lack of psychiatric hospitalizations or medication management by a psychiatrist. The medical source statement reports also showed marked limitations in the ability to perform activities within a schedule and maintain regular attendance, and the ability to complete a normal workday or workweek without interruption from psychologically based symptoms. However, the ALJ rejected this as Dr. McGehee did not provide any rationale or explanation and instead relied on Plaintiff's subjective complaints and history.

Finally, Plaintiff argues the ALJ improperly rejected the opinion of a psychologist, John Carpenter, LCSW, who saw Plaintiff on three occasions. Mr. Carpenter stated that Plaintiff "does have a mental disability that prevents him from work." R. 517-18. The ALJ properly gave little weight to Mr. Carpenter's conclusion that Plaintiff was disabled

4

because it addressed the ultimate issue of disability, which is reserved to the Commissioner. R. 38. *See Davidson v. Astrue,* 578 F.3d 838, 842 (8th Cir. 2009). MR. Carpenter's statements was also conclusory and inconsistent with Plaintiff's conservative treatment history.

### C. Plaintiff's Credibility

Plaintiff contends the ALJ erred in failing to find his testimony regarding disabling impairments to be wholly credible. The Court disagrees.

The Court finds there is substantial evidence on the Record as a whole to support the finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not credible to the extent they are inconsistent with the RFC assessment. The ALJ first considered the medical evidence of Record which showed that Plaintiff was not as limited as he alleged. R. 34. For example, Plaintiff's most recent MRI showed degenerative disc disease with spondylosis from L5-S1, but no evidence of nerve root entrapment. R. 34, 609. The MRI was comparable to previous imaging studies, suggesting that his condition had not deteriorated. R. 34, 609. An EMG did not show signs of radiculopathy, which the ALJ noted was inconsistent with Plaintiff's reports of pain and numbness in his extremities. R. 34, 352, 409, 411, 476, 581. A Department of Corrections healthcare worker noted that Plaintiff presented with exaggerated moans of pain, but was able to touch his toes and return to standing in a quick manner without grimacing or moaning. R. 35, 409. Plaintiff's subjective complaints of pain are not credible in light of the medical evidence to the contrary. *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

Plaintiff's treatment for his degenerative disc disease was relatively routine and conservative. Plaintiff's condition has not required external stabilization such as a back brace or an assistive device such as a cane and has not required surgery, also Plaintiff testified he was in the process of scheduling surgery. R. 35, 109.

The ALJ also properly considered that Plaintiff continues to smoke which may suggest that his COPA and sleep apnea also are not as limiting as he alleges. R. 35, 377, 535, 540, 543, 549, 573, 579, 592, 633, 753. Further, although Plaintiff reported

that he still felt weak after starting to use the CPAP, the ALJ considered his mother's report that he was more alert than before. R. 35, 538.

The medical evidence also shows that treatment for Plaintiff's mental impairments have been relatively routine and conservative, which suggests that his mental illnesses are not as limiting as he alleges. Plaintiff has not been hospitalized for psychiatric treatment nor has he received treatment from a psychiatrist.

The ALJ also found that Plaintiff's activities of daily living were inconsistent with his assertion of disability. R. 27. Plaintiff testified that he helps his mother with housework including cleaning dishes, taking out the trash, and feeding chickens and dogs. R. 32, 36, 67, 93-94. Plaintiff had previously reported that his housework included cleaning, laundry, and mowing with a riding lawn mower. R. 32, 36, 295-97. Plaintiff reported no difficulty with reading, watching television, handling money, or following instructions. R. 32-33, 36, 298-99. The ALJ properly considered these activities in assessing Plaintiff's RFC, noting that Plaintiff has some ability for activities requiring concentration and persistence. "'[A]cts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.'" *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001)).

The ALJ also considered Plaintiff's work history that showed Plaintiff worked only sporadically prior to the alleged disability onset date, which raises a question as to whether Plaintiff's continuing unemployment is actually due to medical impairments. R. 36. Plaintiff's work history shows he has worked for multiple employers, and for most of the reported jobs, only for brief periods. The ALJ noted that Plaintiff reported working 123 hours in 2010 doing home remodeling and "it appears that these earning were not reported, which raises a question as to the claimant's credibility." R. 36.

Although it may be that any one of these factors alone would be insufficient to justify the ALJ's findings, collectively they serve as substantial evidence supporting the ALJ's decision—particularly given that the primary responsibility for the assessment lies with the ALJ and not the Court. The ALJ is in the best position to determine a claimant's credibility, and thus this Court grants the ALJ deference in that regard. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Accordingly, the Court

6

concludes that there is substantial evidence on the Record as a whole to support the ALJ's credibility assessment.

III.

The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATE: August 25, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT